IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| APRIL GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC., *et al.*<br><br>    Defendants. | Civil Action No. 1:19-cv-00092-TRM-SKL |

## PLAINTIFF GREEN'S UNOPPOSED MOTION
## TO APPROVE FLSA SETTLEMENT

Plaintiff April Green ("Plaintiff" or "Green") and the Defendants U.S. Xpress Enterprises, Inc., et al. (collectively, "Defendants") have reached an agreement to settle a contested action, including without limitation, the settlement of claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.*, ("FLSA") alleging that Defendants failed to pay proper wages to Plaintiff ("Settlement"). Herein, Plaintiff seeks approval of the Settlement, approval of the requested attorney's fees and costs, dismissal without prejudice of the claims of the Opt-in Plaintiffs, and dismissal with prejudice of Plaintiff's claims.

### I.    Facts and Procedural History

Plaintiff filed an Individual, Collective and Class Action Complaint (Doc. 1) in this action against the Defendants on March 26, 2019, alleging Defendants violated, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, by failing to pay her, and other persons similarly situated, overtime required by the FLSA. Specifically, Plaintiff alleges she worked for Defendants as an employee under the FLSA, not an independent contractor as Defendants assert, and that Defendants failed to pay her at least the minimum wage of $7.25 per

hour for each hour she worked during her employment due to various allegedly unlawful deductions from her pay and the requirement that she pay for some of Defendants' business costs out-of-pocket.

During the pendency of the Action, Plaintiff caused to be filed notices of filing consents to join the FLSA collective action for Carmen Colon, Shelley Bridge, Michael Williams, Natasha Dixson, Gaylord Fleming, and Anthony Wright (collectively, "Opt-in Plaintiffs"). (ECF 17, 35, 67, 72, 78). On January 17, 2020, the Court granted Defendants' motion to compel arbitration. (ECF 57).

During the course of arbitration, after the exchange of written discovery, the Parties reached a settlement of Plaintiff's claims for $5,000.00 and an agreement to dismiss the Action with prejudice. (See Settlement Agreement attached as Exhibit A). Moreover, the Parties' reached an agreement to toll the statute of limitations for the FLSA claims of the Opt-in Plaintiffs from the date of the filing of each of their consent forms through the date of the Court's dismissal of this Action. (See Tolling Agreement attached as Exhibit B). Accordingly, Plaintiff seeks the Court's approval of the settlement of her FLSA claim, dismissal of her claims with prejudice, and dismissal of the Opt-in Plaintiffs' claims without prejudice.

## II. Argument

### A. This Court Should Approve The Parties' Settlement.

The law favors compromise and settlement of collective and class action suits. *Carroll v. Blumaq Corp.,* 2010 WL 11520634 (E.D. Tenn. Nov. 15, 2010). Courts have held that settlement of an FLSA action generally requires court approval because private settlements will not effectuate a valid release for the employer. *See e.g., Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Before approving a settlement, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355. In making this determination, courts consider the following:

> that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime. The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.

*Estes v. Vanderpool Constr. & Roofing, Inc.*, 2018 U.S. Dist. LEXIS 138865, at *3-4 (E.D. Tenn. July 30, 2018). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

### 1. The Settlement Fairly and Reasonably Resolves A Bona Fide Dispute.

The proposed settlement is the product of contested litigation. The case began three years ago. In her Complaint, Plaintiff made detailed, factual allegations describing Defendants' allegedly unlawful compensation practices. Defendants filed its Answer denying all of Plaintiff's material factual allegations and asserting an array of affirmative defenses that it argued would bar Plaintiff's claims in whole or in part.

The Settlement is the product of arm's-length negotiations by experienced counsel and under the circumstances provides meaningful monetary relief to Plaintiff. It also eliminates the very real and inherent risks and expense both sides would bear if this litigation continued to

3

resolution on the merits. Under these circumstances, a presumption of fairness attaches to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The Settlement offers a meaningful payment to Plaintiff now. Further, if the Settlement is not approved, any recovery through continued litigation may not occur for a long time—after the conclusion of the arbitration and appeals. Or, such recovery may not occur at all after arbitration or on appeal. For these reasons, settlement approval now should be highly favored. *See, e.g., In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 701 (E.D. Mo. 2002) ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush.").

In this matter, after requested attorney's fees and costs are deducted, the settlement will provide Plaintiff with more than she claims is her total damages for the FLSA claims she alleged in this action (*i.e.,* approximately $800 in unpaid overtime wages, and liquidated damages under the FLSA) as she is receiving additional compensation for her waiver of any other claim she may have against Defendants, including the other claims brought in this Action. The settlement also provides Plaintiff with a release from Defendants of any and all claims they may have against her, including claims arising under the leasing agreement. Defendants does not admit that Plaintiff is owed any damages or other relief.

Accordingly, this Court should conclude that the proposed Settlement reflects a fair and reasonable resolution of a bona fide dispute over her FLSA claim, and approve the Settlement.

2. **Absence of fraud or collusion in the settlement.**

The settlement in this case was not the product of fraud or collusion. The Parties reached an arms' length settlement after ongoing discussions over a period of months following the exchange of written discovery during arbitration, which the Court compelled via Defendants' contested motion requesting same. Both sides' best interests were represented by experienced and prepared counsel of their choosing.

In reaching the settlement, the Parties strongly considered the high stakes and risk for each side if the matter was litigated to judgment. The Parties' settlement eliminates the risks and costs both sides would bear if this litigation continued to complete adjudication on the merits through arbitration. To this end, in reaching agreement on the settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion as to the strengths and weaknesses of Plaintiff's claims in comparison to their respective costs and the risks associated with further drawn-out litigation.

### 3. Complexity, expense, and likely duration of the litigation.

The complexity, expense, and length of continued litigation militate in favor of this settlement. Plaintiff's claims are complex in theory and factually nuanced. For example, determining whether Plaintiff was an employee rather than independent contractor under the FLSA's would require a detailed analysis of the statutory and case law. The legal viability of Plaintiff's claims should she held to be an employee is further disputed by the Parties.

Avoiding the significant expense and time of continuing litigation of Plaintiff's complex FLSA claims, and associated proof of Plaintiff's claims is in the Parties' best interests. Should this matter continue, the Parties would need to complete discovery consisting of depositions. The Parties would then need to brief and argue the competing sides of a motion for summary

5

judgment. Based on the resultant rulings, if necessary, the Parties would then have to prepare for and put on a multi-day arbitration trial. In the event this matter did not settle at this stage, this case would surely proceed for several months. And following trial, the Parties likely would have appealed.

The Parties have compromised to avoid experiencing either extreme outcome—dismissal for Plaintiff or an adverse judgment for Defendants. The Parties' settlement is a reasonable means for the Parties to minimize or altogether avoid future time expended, risks, and litigation costs.

### 4. Amount of discovery engaged in by the Parties

The Parties' settlement was reached after a formal exchange of documents and written discovery responses. Accordingly, the Parties understood the factual and legal positions of the Parties when they negotiated and reached the settlement.

### 5. The likelihood of success on the merits

The likelihood of Plaintiff's success on the merits, and the amount Plaintiff would be awarded (if at all), is uncertain, further suggesting that this settlement is fair and appropriate. There are many factual and disputed legal issues in this matter that make it difficult for the Parties to gauge their respective likelihood of success, resulting in a considerable risk to each side. Thus, the Parties agree the settlement is a fair and reasonable settlement in relation to the potential risks and uncertain recovery in this case.

### 6. The public interest

In general, the public interest is served by the Parties' settlement as it implicitly serves the purpose and intent of Congress in enacting the FLSA: "to raise substandard wages and to give additional compensation for overtime work … thereby helping to protect this nation 'from

6

Case 1:19-cv-00092-TRM-SKL    Document 80    Filed 04/11/22    Page 6 of 8    PageID #: 2191

the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" *U.S. v. Rosenwasser*, 323 U.S. 360, 361 (1945) (quoting Sen. Rep. No. 884 (75th Conf., 1st Sess.)). While Plaintiff's eligibility for FLSA protection and whether her pay in relation to her work hours fell below the minimum wage was disputed in this case, Congressional intent has been achieved where Plaintiff was able to pursue her claim with competent and experienced counsel. Thus, applicable public policy considerations have been satisfied by the Parties' settlement of Plaintiff's claims.

### 7. Attorney's Fees and Costs

Finally, in FLSA cases, judicial approval of attorneys' fees is necessary "'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Brumley*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *9 (*quoting Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009)).

Counsel here seeks an award of fees and costs of $1,800. The requested fee is based on the substantial work Counsel performed in the lawsuit and the substantial risk Counsel took in bringing and prosecuting the lawsuit. Counsel took this case on a pure contingency and agreed to receive nothing in this matter – including waiving recoupment of all costs – if Plaintiff did not obtain a recovery in this matter. The fee was calculated based on the contingency agreement between Plaintiff and Counsel, which called for fees in the amount of 1/3 after costs are deducted. Counsel deducted most of the costs incurred in this matter.

Counsel has diligently litigated this matter without any compensation. During that time, Counsel has incurred more than $500 in filing fees and service costs alone. Prior to settling this matter, Counsel performed substantial work, including but not limited to: 1) investigated

7

Plaintiff's claims, 2) drafted and filed the Complaint, 3) drafted and filed Plaintiff's opposition to Defendants' motion to compel arbitration and Plaintiff's motion for certification of an interlocutory appeal; 4) drafted written discovery requests and Plaintiff's responses to Defendants' written discovery requests.

Accordingly, $1,800, which is inclusive of attorneys' fees and costs, is reasonable.

### III. Conclusion

The Settlement and the Settlement Agreement provides immediate, certain, and meaningful relief to Plaintiff in light of all the circumstances. The Settlement Agreement has met all the necessary requirements for approval as set forth above. Therefore, this Court should enter an order approving this Settlement and the Settlement Agreement, and dismiss this action with prejudice.

        Respectfully Submitted,

*/s/ Matthew D. Miller*
Mathew D. Miller
Admitted Pro Hac
Swartz Swidler, LLC
1101 Kings Highway N.
Suite 402
Cherry Hill, NJ 08034
Phone: 856.685.7420
Fax: 856.685.7417
E-mail: mmiller@swartz-legal.com

Attorneys for Plaintiff

Date: April 11, 2022